**REVERSE and RENDER; Opinion Filed November 5, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00918-CR

### JOHNNY RUIZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 4
Dallas County, Texas
Trial Court Cause No. F-1235122-K**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Brown
Opinion by Justice Brown

After a bench trial, the trial court convicted Johnny Ruiz of the offense of failing to comply with the sex offender registration requirements of chapter 62 of the Texas Code of Criminal Procedure[1] and sentenced him to two years in prison. In his first four issues, Ruiz challenges the sufficiency of the evidence to support his conviction and contends the trial court erred when it overruled his objections to hearsay testimony, violated his constitutional right to confrontation when it allowed the State's witness to testify as to what other people told him, and failed to invoke the Rule after defense counsel's request. In seven additional issues, Ruiz complains of inaccuracies in the trial court's judgment. We agree that the evidence is legally

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a) (West Supp. 2013); *id.* art. 62.055(a) (Change of Address).

insufficient to support Ruiz's conviction. Accordingly, we reverse his conviction and render a judgment of acquittal.

## I.

Ruiz was convicted of an offense that required him to register as a sex offender. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A); *see also* TEX. PENAL CODE ANN. § 22.021(a) (West Supp. 2014). On January 26, 2011, Ruiz registered the following address with the City of Irving Police Department: 525 Runstone Road, Irving, Texas. He completed his annual registration at that same address on February 6, 2012. *See* TEX. CODE CRIM. PROC. ANN. art. 62.058(a).

In July 2012, Irving police officers Steven Buesing and Dale Gant went to Ruiz's registered address to execute a warrant for a parole violation. Buesing testified that when they arrived at the residence, "lots" of Ruiz's family were there, including Ruiz's mother, sister, nieces, and nephews, but that Ruiz was not there. Buesing then testified to his investigation at Ruiz's residence, answering just four questions about his investigation and offering two conclusions that Ruiz was not living at 525 Runstone Road:

> Q.     During the course of your investigation while you were at the location on 525 Runstone, did you have any evidence that the defendant Johnny Ruiz was living there?
>
> A.     No.
>
> Q.     Did you develop evidence, in fact, that he was not living there?
>
> A.     Yes.
>
> Q.     And that he hadn't been living there for quite some time?
>
> A.     Yes.
>
> . . .
>
> Q. Let me move on. In the course of your investigation, you were able to determine that this Defendant was not living there?

A.	Yes.

Buesing also said he spoke with Ruiz over the telephone on July 3, 2012. Buesing testified to that phone call as follows:

> I explained to [Ruiz] that I knew that he wasn't living at the location and that [Ruiz] had a parole violation, and I also told [Ruiz] that because he wasn't living at the location that he was in violation for his failure to comply for the registration. Through the conversation, [Ruiz] told me that he was gonna turn himself in.

Buesing added that despite telling Ruiz that Buesing would not "file the fail to comply" charge if Ruiz turned himself in, Ruiz did not do so. Buesing reported a registration violation to detective Scott Teien with the department's sex offender registration unit. Teien verified that the Runstone Road address was Ruiz's registered address and that Ruiz was in compliance with his annual registration requirement. Teien testified that in July 2012, Ruiz had not changed his registered address or informed Teien that he was moving.

Gant continued to visit Ruiz's registered address "over the course of a couple [of] months." Gant testified that he "made numerous attempts" to locate Ruiz at the Runstone Road address but that Ruiz was not at the location each time Gant went there. Buesing testified that Gant learned through the investigation that Ruiz "was supposed to be staying at a house" located at 3314 Clymer Street in Dallas. On November 11, 2012, Buesing went with Gant and another officer to the Clymer Street address. Buesing said the house at that address looked like an abandoned "crack house" with boarded-up windows. The house was in very poor repair and did not appear to have electricity. After knocking on the front door for fifteen to twenty minutes, a woman answered the door. The officers then conducted a search of the house and found Ruiz hiding in the attic. Buesing testified that Ruiz told the officers he hurt his back and "had been in the attic for two days because no one knew he was up there." Buesing also said that there was no record of Ruiz registering as a sex offender for the Clymer Street address.

–3–

The State argued that this evidence showed that Ruiz was not living at the Runstone Road address and he was not registered or supposed to be living at the Clymer Street address where he was found. After hearing this evidence, the trial court found Ruiz guilty of the offense and sentenced him to two years in prison.

**II.**

Ruiz contends in his first issue that the evidence is insufficient to support his conviction for failure to comply with the sex offender registration requirements. We review Ruiz's sufficiency challenge by considering all the evidence in the light most favorable to the verdict; based on that evidence and any reasonable inferences, we must determine whether a rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Thornton v. State*, 425 S.W.3d 289, 303 (Tex. Crim. App. 2014). Under this standard, the fact finder has full responsibility for resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319. We presume the fact finder resolved any conflicts in the evidence in favor of the verdict and defer to that determination. *See id.* at 326. We do not reassess witness credibility. *Thornton*, 425 S.W.3d at 303.

A person commits the offense of failing to comply with sex offender registration requirements if he "is required to register and fails to comply" with any requirement of Chapter 62 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 62.102(a); *Young v. State*, 341 S.W.3d 417, 425 (Tex. Crim. App. 2011) ("Article 62.102 is a generalized 'umbrella' statute that criminalizes the failure to comply with any of the registration requirements set out in Chapter 62."). One requirement is that a person with a "reportable conviction" must register with "the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days." TEX. CODE CRIM. PROC. ANN. art. 62.051(a).

–4–

Another requirement is that if a person who is required to register intends to change his address, he must report in person to the local law enforcement authority and provide at least seven days' notice of the intended move. *Id.* art. 62.055(a). Ruiz does not dispute that he was required to register as a sex offender and that his status as a registered sex offender mandated compliance with the registration requirements governing a change of address.

The State charged Ruiz with violating his registration requirements in two ways. Specifically, the State alleged in the indictment that Ruiz committed the offense by intentionally, knowingly, and recklessly (1) failing to report in person an intended change of address and move date to his local law enforcement authority at least seven days before Ruiz changed his address and (2) not residing at his registered address. Regarding the State's first allegation, Ruiz contends that the evidence is legally insufficient to support his conviction because the State provided no evidence that he intended to move from his registered address. He claims that Buesing's testimony that Ruiz was not at the Runstone Road address on the July 2012 date does not prove that Ruiz intended to move from that location. He also contends that Buesing's assessment that Ruiz no longer lived at the registered address was not supported by any facts and Buesing's conclusory statement that he did not believe Ruiz resided there was not enough to establish Ruiz intended to change his address. We agree with Ruiz's contentions.

The first registration requirement the State charged Ruiz with violating is triggered only "[i]f a person required to register under this chapter intends to change address . . . ." *Id.*; *see also Green v. State*, 350 S.W.3d 617, 623 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). None of the evidence presented at trial, however, established that Ruiz intended to change his registered address or anticipated a move from that address. *See Green*, 350 S.W.3d at 623. Teien testified that Ruiz had twice registered the Runstone Road address as his residence and that Ruiz was in compliance with his annual registration requirement. Teien confirmed that Ruiz

–5–

was required to give Teien seven days' notice before moving if Ruiz was no longer going to be living at the registered address and testified that Ruiz had not reported an anticipated move or otherwise notified Teien he was changing his address in July 2012. Buesing testified that he determined in the course of his investigation that Ruiz was not living at the Runstone Road address. But Buesing's testimony did not supply any information about whether Ruiz had an intention to move from the Runstone Road address. Gant's testimony revealed only that Ruiz was not there when Gant tried to locate Ruiz at the Runstone Road address and that Ruiz was later found at the Clymer Street address.

In its appellate brief, the State focuses its argument on the second allegation—that Ruiz failed to reside at his registered address. The State claims that based on Buesing's investigation which yielded "positive evidence" that Ruiz had not been living at the address, Ruiz's admission that he would "turn himself in" on the phone call with Buesing, and Ruiz's "attempt to evade arrest for the offense" by hiding in the attic of the house on Clymer Street, it is "clear" Ruiz failed to reside at his registered address. We disagree with the State.

Buesing offered only conclusory testimony that Ruiz was not residing at the Runstone Road address. Buesing's testimony showed that he went to the Runstone Road address with Gant to execute an arrest warrant for a parole violation. Buesing testified that he found no evidence that Ruiz was living at the location and that he had "develop[ed] evidence" that Ruiz had not been living at the address for some time. But other than affirming that he learned this information "in the course of [his] investigation," Buesing did not substantiate his testimony and ultimate conclusion that Ruiz was not living at the registered address with any objective facts. For example, Buesing did not testify to any surveillance the officers did of the location. Nor did he testify that Ruiz had moved his belongings or no longer received mail at the registered address. When asked about his "further efforts" to locate Ruiz, Buesing spoke only of the phone

call, which Buesing said happened the same day he tried to execute the arrest warrant at Ruiz's registered address in July 2012.

Likewise, Gant's testimony provided nothing that would lead a reasonable fact finder to conclude that Ruiz was not residing at his registered address. Gant testified that he went to the Runstone Road address on multiple occasions to locate Ruiz and that Ruiz was not there on any of those occasions. But the fact that Ruiz was not present at the location when the officers visited the address does not suggest that Ruiz was not still living and residing at the registered address. *See Silber v. State*, 371 S.W.3d 605, 613 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("A registered sex offender is not required to spend every spare moment and every night at their registered address."). In addition, the fact that the officers found Ruiz at the Clymer Street address does not suggest that Ruiz was not residing at his registered address. *See id.* at 612 (noting that bodily presence at a place alone is insufficient to create a residence). There was no testimony or other evidence that gave the impression Ruiz was living at the Clymer Street address where he was found. To the contrary, Buesing testified that the house looked abandoned and that it did not appear to have electricity. Neither officer testified that Ruiz's clothes or other belongings were at that house, and the State offered no evidence of a possessory interest Ruiz had in the Clymer Street house. Further, the only evidence of how long Ruiz had been at the Clymer Street address was Buesing's testimony that Ruiz said he had been there for two days. The officers did not testify to any surveillance done of the Clymer Street address to prove Ruiz was living there for a longer period of time.

The State emphasizes the testimony about the phone call Buesing had with Ruiz on July 3, 2012. The State argues that when Buesing accused Ruiz of not living at his registered address during the phone call, Ruiz said he would turn himself in. The State maintains that when guilt must be inferred from circumstances in evidence, "additional evidence of the defendant's

–7–

admission is sufficient to support a conviction." The State contends that Ruiz's response "exhibited a consciousness of guilt" and that it leads to an inference of his knowledge that Buesing's accusation was true.

But during the phone call, Buesing confronted Ruiz with more than just the accusation that Ruiz was not living at his registered address. Buesing testified that after not finding Ruiz at the Runstone Road address, he called Ruiz and told him that (1) he knew Ruiz was not living at his registered address and (2) that Ruiz had a parole violation. The record shows that the purpose of Buesing's visit to the Runstone Road address (and his only involvement with Ruiz) was to arrest Ruiz for a parole violation. Although the State asserts that Ruiz's response was an admission to Buesing that he violated the registration requirement, the response also could be an admission to Buesing that Ruiz knew he violated his parole. Buesing only testified that Ruiz told him "[t]hrough the conversation" that he was "gonna turn himself in." Buesing also testified that he told Ruiz that if Ruiz would turn himself in, then Buesing would "not file the fail to comply" against Ruiz.

We finally reject the State's contention that "it may be logically concluded that [Ruiz] was hiding in the attic [at the Clymer Street address] because he was attempting to flee from the police and evade arrest for the offense he admitted he committed." The evidence shows that Ruiz told Buesing he would turn himself in, Ruiz did not do so, and then he was found in an abandoned house on Clymer Street. These facts do not support a conclusion that Ruiz was hiding in the attic to avoid being prosecuted for the offense at issue in this case. *Cf. Bigby v. State*, 892 S.W.2d 864, 883 (Tex. Crim. App. 1994) (noting that to support the admission of evidence of escape from custody or flight, "it must appear that the escape or flight have some legal relevance to the offense under prosecution").

## III.

After reviewing the record in this case, we conclude that there was no evidence presented that Ruiz intentionally, knowingly, or recklessly failed to report an intended change of address seven days before the intended change. We also conclude that even when we review the evidence in the light most favorable to the verdict, a rational fact finder could not have found beyond a reasonable doubt that Ruiz failed to reside at his registered address. *See Jackson*, 443 U.S. at 319. We resolve Ruiz's first issue in his favor. Based on our resolution of Ruiz's first issue, we do not address Ruiz's ten remaining issues. TEX. R. APP. P. 47.1.

Because the evidence is legally insufficient to support the judgment, we reverse Ruiz's conviction for failing to comply with his sex offender registration requirements and render judgment acquitting Ruiz of that charge.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130918F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JOHNNY RUIZ, Appellant

No. 05-13-00918-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F-1235122-K.
Opinion delivered by Justice Brown. Justices
O'Neill and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the appellant is hereby **ACQUITTED**.

Judgment entered this 5th day of November, 2014.